UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD HOWARD WATKINS,

Petitioner,

v.

KEVIN HIXSON,

Respondent.

No.  2:22-cv-1158 WBS CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner is a California prisoner.  He filed a petition for writ of habeas corpus on August 2, 2022.  On September 21, 2023, petitioner filed a second petition in a new action, 2:23-cv-2060 KJN.  The petition omitted all claims presented in the original petition filed in this action and substituted new claims.  Magistrate Judge Newman ordered that 2:23-cv-2060 KJN be closed and that the second petition be filed in this action (2:22-cv-1158 WBS CKD P) in compliance with procedure described by the Ninth Circuit in Woods v. Carey, 525 F.3d 886 (9th Cir. 2008).

When petitioner took no action, the court ordered the second petition stricken concluding that petitioner did not want to abandon the claims presented in the original petition.  The court informed petitioner as follows:

> Petitioner may file a [third] petition including all of his claims, but, if he does, he must also include a motion for leave to amend explaining why leave to amend should be granted.  Under Rule 15 of the Federal Rules of Civil Procedure, the court grants leave to amend when "justice so requires."  In deciding whether leave to amend

1

should be granted, the court considers, among other things, whether there has been undue delay or bad faith. Anthony v. Cambra, 236 F.3d 568, 577 (9th Cir. 2000).

ECF No. 28.

Instead of following the court's instructions, petitioner filed an appeal with the Ninth Circuit on November 9, 2023. (ECF No. 29.) The appeal was dismissed for lack of jurisdiction on December 15, 2023. (ECF No. 33.)

On June 20, 2025, the undersigned recommended that petitioner's petition for a writ of habeas corpus be denied. (ECF No. 35.) The court granted petitioner 14 days within which to file objections to the findings and recommendations, which he failed to file. Id. On July 18, 2025, the district judge assigned to this case adopted the findings and recommendations in full and denied the petition for habeas corpus. (ECF No 36.)

In the meanwhile, on July 15, 2025, petitioner inexplicably filed a third habeas action, 2:25-cv-1974 CSK, asserting mostly the same claims he included in his second petition, 2:23-cv-2060 KJN. On July 31, 2025, Magistrate Judge Kim ordered that the petition filed in 2:25-cv-1974 CSK be filed in this action.

Because the third petition was filed before judgment was entered in this action, judgment must be vacated for consideration of the third petition in accordance with Woods v. Carey. Like the second petition, however, the third petition is not one upon which petitioner can proceed because it does not include all of his claims. Further, petitioner fails to explain why leave to amend should be granted, particularly as he took no action between December 15, 2023, when his appeal was dismissed, and July 15, 2025, when he filed his third petition.

The undersigned concludes that leave to amend should be denied as granting such leave would be futile. See Caswell v. Calderon, 363 F.3d 832, 838 (9th Cir. 2004) (denial of leave to amend appropriate where petitioner had not exhausted state court remedies as to the claim and the basis for the claim tenuous). There is a one-year limitations period applicable to habeas corpus claims brought by state prisoners. 28 U.S.C. § 2244(d). The California Supreme Court denied petitioner's petition for review as to his direct appeal on July 28, 2021. ECF 21-14. Finality of direct review occurred ninety days later, on October 26, 2021, when the time to file a certiorari

2

petition with the Supreme Court expired.  Supreme Court Rule 13; Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The one-year limitations period commenced the following day—October 27, 2021.  28 U.S.C. § 2244(d)(1)(A).  While it appears petitioner would be entitled to tolling of the limitations period as to his ineffective assistance of counsel claims for some of the time between the conclusion of direct review and the filing of the third petition, there is no basis for tolling the limitations period between December 15, 2023, when his appeal was denied by the Ninth Circuit, and July 15, 2025, when the third petition was received.  Accordingly, the new claims are time-barred unless they relate back to the claims presented in the original petition under Rule 15(c) of the Federal Rules of Civil Procedure.  See Mayle v. Felix, 545 U.S. 644, 655 (2005).

A new claim does not "relate back" simply because it arises from "the same trial, conviction, or sentence."  Mayle, 545 U.S. at 662-64.  Rather, the new claims must share a "common core of operative facts" with a timely claim in the pending petition.  Id. at 664.  A new claim "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  Id. at 650. The "time and type" language in Mayle refers "not to the claims, or grounds for relief" but "to the facts that support those grounds."  Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013).

In his original petition, petitioner asserted violations of California evidence laws and that his Constitutional rights were violated by (1) the trial court's limitations placed upon the cross examination of Sgt. Schluer, and (2) admission into evidence of certain statements made by the victim.  The claims presented in the third petition all concern the performance of trial counsel, particularly counsel's investigation as to petitioner's defense.  These claims do not relate back to petitioner's claims of trial court error as the facts supporting the new claims are not similar to the facts supporting the claims presented in the original petition.

For all of these reasons, petitioner's motion for leave to amend should be denied.

Finally, the court notes that petitioner asks that the court hold an evidentiary hearing. (ECF No. 41.) Resolution of petitioner's motion for leave to amend is based upon law.  There is no reason for presentation of evidence.  As such, there is no reason to hold an evidentiary hearing.

/////

3

In accordance with the above, IT IS HEREBY ORDERED that petitioner's motion for an evidentiary hearing is (ECF No. 41) DENIED.

IT IS HEREBY RECOMMENDED that:

1. Judgment entered July 21, 2025, be VACATED;

2. Petitioner's motion for leave to amend (ECF No. 40) be DENIED; and

3. Judgment be re-entered.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 22, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
walk1158.mtr

4